UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| NEW WEIMING LAW GROUP, PLLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE LAW OFFICE OF DANIEL GUO, P.C., and DANIEL GUO,<br><br>    Defendants | Civil Action No.: 19-2457<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEMAND FOR JURY TRIAL |

Plaintiff New Weiming Law Group, PLLC ("NWM" or "Plaintiff") brings this complaint in the United States District Court for the District of Maryland against The Law Office of Daniel Guo, P.C. ("Law Office of Daniel Guo") and Daniel Guo ("Guo" or "Mr. Guo") (collectively "Defendants"), stating and alleging as follows:

PARTIES

1. Plaintiff is a professional limited liability company formed under the laws of the Commonwealth of Virginia. Plaintiff provides legal services in all aspects of immigration law, with a principal place of business at 7925 Jones Branch Drive, Suite 5150, Tysons, Virginia, 22102.

2. On information and belief, Law Office of Daniel Guo is a California professional corporation with its principal place of business at 12526 High Bluff Drive, Suite 300, San Diego, California, 92130.

3. On information and belief, Mr. Guo is the founder and principal attorney of Law Office of Daniel Guo.

1

## JURISDICTION AND VENUE

4. This action is based upon and arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.* and unfair competition under Maryland state law.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court also has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a).

6. Upon information and belief, Defendants are subject to the personal jurisdiction of this Court, at least because Defendants have committed acts of infringement while transacting business in Maryland. Defendants' acts caused injury to Plaintiff in Maryland. Therefore, this Court has personal jurisdiction over Defendants.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## FACTUAL BACKGROUND

8. On or about November 10, 2015, Plaintiff contracted an artist Ms. Wu to create advertising cartoons for its legal services ("Copyrighted Cartoons"). Ex. 1. As set forth in the agreement with Ms. Wu, Plaintiff retains the copyright of the Copyrighted Cartoons and can make changes/edits as needed (revised/updated versions of the cartoons by Plaintiff are also referred to as "Copyrighted Cartoons"). *Id.* A copy of the Copyrighted Cartoons is attached as Exhibit 2 (including both a 2015 version and a 2018 version). The Copyrighted Cartoons are registered with the United States Copyright Office and are the subject of United States Copyright Registration Nos. VA 2-150-373 (the 2015 version) and VA 2-150-367 (the 2018 version). Ex. 3.

9.     In or about November and December, 2015, Plaintiff published the Copyrighted Cartoons on the firm's website: www.nwmlaw.com.  These Cartoons have been featured on NWM Law firm's website since then, with slight modifications over time.  Ex. 4.

10.    In or about December 2015, Law Office of Daniel Guo started to publish on its website a series of cartoons ("Infringing Cartoons") that are substantially similar to the Copyrighted Cartoons.  Ex. 5.

11.    Around late December 2015 and early January 2016, Plaintiff discovered Defendants' infringing activity and emailed Mr. Guo requesting removal of the Infringing Cartoons.  Ex. 6.  Mr. Guo admitted to the infringement and agreed to, and later confirmed, the removal of the Infringing Cartoons from the website of Law Office of Daniel Guo.  Exs. 7 and 8.

12.    In an email dated January 1, 2016 with Plaintiff, Mr. Guo asserted that he "hired [his] own[] graphic designer and asked her specifically not to copy the design elements but to de[s]ign the elements from scratch" but nevertheless admitted that he "borrowed the idea."  Ex. 7.  In a later email on the same day, Mr. Guo conceded that "my designer did not fully follow my instructions."  Ex. 9.

13.    On or about December 11, 2018, a prospective client contacted Plaintiff, requesting evaluation of his green card application.  Ex. 10.  This prospective client sent Plaintiff marketing materials he received from Defendants, which contain the Infringing Cartoons.  *Id.*

14.    During the past three years, even though Mr. Guo confirmed that he removed the Infringing Cartoons from Law Office of Daniel Guo's website, Mr. Guo and his law firm continued to use the Infringing Cartoons in their direct marketing materials sent to prospective clients.  Ex. 11.

15. Mr. Guo admitted that he and his firm sent the infringing materials to potential clients. Ex. 12; *see also* Ex. 13.

16. Law Office of Daniel Guo's website lists Copyright as one of its practicing areas. Ex. 14. In several of his emails to Plaintiff, Mr. Guo also stated that he took copyright law class during law school. Ex. 15 ("I took copyright class in law school"); Ex. 16 ("I took a copyright class").

17. After being contacted by Plaintiff in late 2018, Mr. Guo again agreed that "I will remove that from that PDF file and replace with language descriptions." Ex. 17.

## Count I
## FEDERAL COPYRIGHT INFRINGEMENT

18. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in the paragraphs above.

19. At all times relevant hereto, Plaintiff has been and still is the owner of all rights, title, and interest under the copyright laws of the United States in and to the Copyrighted Cartoons.

20. The Copyrighted Cartoons comprise original materials and are copyrightable subject matter under the copyright laws of the United States.

21. The Copyrighted Cartoons are subject of United States Copyright Registration Nos. VA 2-150-373 and VA 2-150-367.

22. On information and belief, Defendants had access to Plaintiff's Copyrighted Cartoons.

23. There is substantial similarity between the Copyrighted Cartoons and the Infringing Cartoons. Representative cartoons from the Copyrighted Cartoons and the Infringing Cartoons are shown below:



24. Defendants' aforementioned acts have violated Plaintiff's exclusive rights under 17 U.S.C. § 106, and constituted infringement of Plaintiff's copyright.

25. On information and belief, Defendants' infringement of Plaintiff's copyright was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

26. As a result of Defendants' infringement of Plaintiff's copyright, Plaintiff suffered harm and damages, and Defendants gained profits that are attributable to the infringement.

## Count II
## UNFAIR COMPETITION

27. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in the paragraphs above.

28. The Plaintiff's Copyrighted Cartoons were created at considerable effort and expense, and constitute a valuable asset and competitive advantage of the Plaintiff.

29. Defendants improperly and unfairly misappropriated and copied Plaintiff's Copyrighted Cartoons to unfairly compete with Plaintiff.  This gave Defendants an unfair advantage over Plaintiff.

30. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has been injured.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and seeks relief against Defendants as follows:

A. Declaring that Defendants' unauthorized conduct violates Plaintiff's right under 17 U.S.C. § 501 *et seq.*, and that the infringement was willful;

B.      Declaring that Defendants' unauthorized conduct constitutes unfair competition in violation of common law;

C.      Ordering Defendants to pay to account for and disgorge to Plaintiff all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyright, and to pay to Plaintiff such damages, costs, and fees as proper, pursuant to 17 U.S.C. §§ 504 and 505;

D.      Immediately and permanently enjoining Defendants, their officers, directors, employees, and all others in active concert or participation with them from infringing Plaintiff's copyright or other rights in any manner;

E.      Ordering Defendants to publicly apologize to Plaintiff by posting on Defendants' website and sending corrective statements to previous recipients of Defendants' marketing materials containing the Infringing Cartoons; and

F.      Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: August 26, 2019      By:   /s/ Cary L. Joshi

Cary L. Joshi (MD Bar #: 1806070002)
Sallie E. Gilbert (MD Bar #: 1806190061)
Bailey & Glasser, LLP
1055 Thomas Jefferson Street NW,
Suite 540
Washington, DC 20007
Telephone:   (202) 463-2101
Facsimile:   (202) 463-2103
cjoshi@baileyglasser.com
sgilbert@baileyglasser.com

*Attorneys for Plaintiff*